Nos. 31,956 to 31,960 (Consolidated)

GEORGE O. DEWEY, JOHN O. HOLSINGER, HERBERT T. KYTE, WILLIAM A. KYTE and CORA HARVEY, *Appellants*, v. THE COMMERCIAL STATE BANK, CHARLES W. JOHNSON, as General Receiver, etc., H. B. ARENDS, as Assistant Receiver, etc., et al., *Appellees*.

(41 P. 2d 1006)

Opinion filed March 9, 1935.

*Louis R. Gates*, of Kansas City, and *Jay L. Oldham*, of Kansas City, Mo., for the appellants.

*J. H. Brady* and *N. E. Snyder*, both of Kansas City, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: Five separate actions commenced October 30, 1931, each by a different plaintiff, but all against the same defendants, are consolidated for trial and review.

The abstract contains a copy of the pleadings in the case brought by George O. Dewey. The allegations in each of the other cases are understood to be the same except as to the name of plaintiff and

dates and amounts of deposits. Each action is against the Commercial State Bank, the officers and directors thereof, and the receiver and assistant receiver of the bank.

The first count of the petition alleged that the officers and directors of the bank knew that the bank was insolvent and in failing circumstances several months before it went into the hands of the receiver and closed its doors on September 17, 1930, or could have known of such condition by the exercise of reasonable diligence in making proper investigation and examination into its condition, as was their duty under the law to do, but plaintiff, not knowing of the insolvency of the bank, continuing to make deposits in the bank, having a balance there on September 1, 1930, and making other deposits on September 16 and 17, 1930, is entitled to recover the same from such officers and directors under R. S. 9-163 and 9-164.

The second count repleaded the allegations of parts of the first count, and further alleged that the defendants misled and deceived the plaintiff by keeping the bank open for the transaction of business in the regular course by paying, checking and receiving deposits and carrying on business with the public, that plaintiff relied on these representations and was deceived thereby into retaining his balance and making deposits in said bank, and on account of such fraudulent representations such funds so left with the bank became trust funds which the bank and its receiver hold as trustees, as the title thereto did not pass to the defendants, and that plaintiffs' said sums of money left with defendants constituted a part of the five thousand dollars in cash which the defendants had when the bank closed and suspended payments.

The demurrer of the bank and the receiver to the petition was overruled, then an answer by way of a general denial was filed by all the defendants, after which a motion of the bank and the receiver was filed under R. S. 60-2902 and 60-2904, requesting a trial of the questions of law on the pleadings in the case in advance of the trial of the facts. On such trial the court concluded that the petition did not state a cause of action against the bank or the receiver, for the reason that it failed to state that a claim for the amount involved had been filed with the receiver within one year after the date of his appointment, and that the claim is therefore barred from participation in the estate of the bank, and further that the petition failed to allege that the amount involved augmented or increased the assets of the bank coming into the hands of the receiver. From these conclusions the plaintiffs each and all appeal.

We are not here concerned with the question of the liability of the officers and directors of the bank, but only with that part of the case which seeks to recover the involved amounts as trust funds from the bank and the receiver as trustees of such funds.

The appellants particularly rely upon the decisions of this court in the cases of *Kime v. Ladd*, 112 Kan. 603, 211 Pac. 628, and *Ramsey v. Bank Commissioner*, 115 Kan. 212, 222 Pac. 117, in the former of which it was held:

"A bank is guilty of fraud on a general depositor in accepting his deposit after the bank has become hopelessly insolvent and has committed an act of insolvency, and the depositor may recover from the receiver of the bank to the extent the deposit augmented the funds coming into the hands of the receiver." (Syl.)

The latter was an action in mandamus in which the bank commissioner was compelled to recognize the demand of a depositor for his share of a dividend payable out of the bank guaranty fund, notwithstanding he had already brought an action against the officers and directors of the bank for fraudulently receiving deposits knowing the bank to be insolvent, holding the bringing of such action against the officers and directors was not a waiver of his rights as a depositor, and holding that—

"It is true that one who has placed money in a bank after it has become insolvent may claim the fund, not as a deposit, but as a trust fund. Because of the fraud committed in taking the money, the claimant may assert that title did not pass and the relation of debtor and creditor did not arise. In adopting such an attitude, the claimant denies he was a depositor. . . ." (p. 214.)

The case of *Ramsey Petroleum Co. v. Adams*, 119 Kan. 844, 241 Pac. 433, where the decision was rendered in 1925, is also cited by appellants.

Appellants argue from these decisions that the legislature, in 1927, with full knowledge of them, necessarily intended to make the bar of the nonclaim provision, which it at that time added to the original R. S. 9-130, to apply only to depositors, and leave the statute of limitations as to fraud apply to actions to recover trust funds procured by fraud, as is claimed by plaintiffs in these actions, urging further that by the terms of the amendment the bar is only from participation in the estate of such bank. However plausible this reasoning is, we cannot concur in the conclusions intended to be reached thereby. Appellants may logically disclaim being depositors, but cannot well escape the relation expressed by the term

"other creditors." In 15 C. J. 1370, 1372, a creditor is defined as follows:

". . . a person to whom any obligation is due; a person to whom is owed a debt or obligation to pay money for which an action or suit would lie; . . . a person to whom a sum of money or other thing is due by obligation, promise, or in law; one who has a valid cause of action; one having a legal right to damages capable of enforcement by judicial process; one who has a just claim for money; any one who has a legal claim against another; any one who owns a claim or demand . . ."

In the case of *Henley v. Myers*, 76 Kan. 723, 93 Pac. 168, it was said the word "creditor . . . may mean one having any character of claim against another." (p. 728.)

But this very statute and this amendment thereto was fully considered and discussed in the case of *Conrad v. Johnson*, 134 Kan. 120, 4 P. 2d 767, where it was held:

"Under R. S. 1930 Supp. 9-130, a creditor of an insolvent bank who must file his claim with the receiver within one year after his appointment to prevent its being barred of participation in the estate of the bank includes a person who has been subjected to a tortious fraud for which an action would lie against the bank if it had not passed into the hands of a receiver for insolvency." (Syl. ¶ 2.)

This Conrad decision is cited in the case of *Commerce Trust Co. v. Farmers' Exch. Bk. of Gallatin*, 332 Mo. 979, where a similar statute was under consideration, and the Missouri case is made the basis of an extensive note on this subject in 89 A. L. R. 383, where the Conrad case is cited in connection with many other cases.

Even if it be conceded, for the purpose of this opinion, that the deposits made by the appellants are trust funds, as claimed by them, but, without herein deciding that point, we must conclude, in line with the generally accepted definitions and prior decisions, that these plaintiffs cannot avoid the requirement imposed upon creditors by R. S. 1933 Supp. 9-130, and their petitions fail to show that they filed claims with the receiver within a year after the date of his appointment, and their claims are therefore barred from participation in the estate of the insolvent bank.

We agree with appellants that they have not waived their rights in any way by bringing actions against the officers and directors of the bank under R. S. 9-163 and 9-164.

As to the allegations of the petition showing that the deposits made by the plaintiff augmented and increased the assets of the bank coming into the hands of the receiver, the last paragraph of the

petition on which plaintiffs rely for that purpose is very strong along that line where it says:

"Plaintiff further states that on September 17, 1930, at the time said bank closed and it suspended payment, that it had in cash over five thousand dollars and that plaintiff's said sums of money left with defendants constituted a part of said five thousand dollars."

But we must not overlook the allegations that part of this fund was a balance on account September 1, 1930, that the bank was insolvent in September, 1930, and several months prior thereto, and that the defendants kept the bank open for the transaction of business in the regular course by paying, checking and receiving deposits and carrying on business with the public. This alleged course of business over the time in question is plainly and positively inconsistent with the latter allegation that funds on deposit in the bank one, two or seventeen days were part of the identical funds on hand when the bank closed.

We find no error in the conclusion reached by the trial court as to the petition not stating a cause of action and as to the action being barred by the nonclaim statute.

The judgment of the trial court is affirmed.